IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

  **v.**                                                    **CRIMINAL NO. 1:23-CR-69**
                                                                       (KLEEH)

**CHRISTOPHER HARP,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

Pending before the Court is the *United States' Motion in Limine Regarding 414 and 404(b) Evidence* [ECF No. 46]. Defendant Christopher Harp ("Harp") filed a response in opposition [ECF No. 50], and the Court held an evidentiary hearing with respect to the motion on April 10, 2024. For the reasons discussed herein, the motion is **GRANTED**.

**I.   THE INDICTMENT**

On or about September 25, 2020, FBI agents executed a federal search warrant at Harp's home in Morgantown, West Virginia. The FBI found evidence of child pornography offenses on a laptop that was seized during the search.

On November 7, 2023, the grand jury returned a four-count indictment charging Harp in Counts One through Three with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and in Count Four with Possession of Child

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Counts One through Three allege that Harp received child pornography on or about April 4, 2019, September 18, 2020, and September 21, 2020, respectively. Count Four alleges that Harp possessed child pornography on or about September 25, 2020.

## II.   ELEMENTS OF THE RELEVANT CHILD PORNOGRAPHY OFFENSES

Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), includes the following elements:

(1)  that the defendant received or distributed

(2)  any child pornography, or any other material that contained child pornography

(3)  that had been mailed, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; and

(4)  that the defendant acted knowingly.

United States v. Miltier, 882 F.3d 81, 93-94 (4th Cir. 2018). Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), includes the following elements:

(1)  that the defendant possessed or accessed with intent to view a computer disk or any other material that contained an image of child pornography

(2)  that had been mailed, or shipped or transported using any means or facility of

Case 1:23-cr-00069-TSK-MJA   Document 60   Filed 04/15/24   Page 3 of 20   PageID #: 261

**USA V. HARP**                                                              **1:23-CR-69**

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

> interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and
>
> (3) that the defendant acted knowingly.[1]

Id.

### III. EVIDENCE TO SUPPORT COUNTS ONE THROUGH FOUR

As the Government sets forth in its motion, the following evidence forms the basis of the charges in the Indictment:

- April 4, 2019

    o On this date, numerous files were partially downloaded, and 15 files were fully downloaded. The files were also marked for deletion that day. The files included the following:

    - "(PHANT) – Pedomom – brother sister – sensual mujer con nino de 7 (compilacion).mp4";

    - "(PHANT) – pedomom madre le da placer a la vagina de su hija.mp4"; and

    - "pedomom 14Yo Sis Give A Blowjob For 5Yo Brother New, Mother Suck 6Yo Son Toddler 2m27.avi."

- September 18, 2020

    o On this date, multiple files were downloaded, including the following:

---

[1] Count Four of the Indictment specifically alleges that the child pornography involved a pre-pubescent minor and a minor who had not attained 12 years of age.

Case 1:23-cr-00069-TSK-MJA   Document 60   Filed 04/15/24   Page 4 of 20   PageID #: 262

**USA V. HARP** 1:23-CR-69

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

- "Pedomom PLEASE share more PTHC 2018";[2]

- "(PHANT) – pedomom- brother sister – sensual mujer con nino de 7 (compilacion)"; and

- "PHANT – pedomom PAE nina de 3 anos parte 3 posando para la camera."

- September 21, 2020

    o On this date, 30 files were downloaded, including the following:

    - "opva American Family Pthc- USA Dad Fuck Toddler 4Yo or 5Yo girl.mp4";

    - "[ShowPorn TV]2013 Pthc – Polaroid Family Slidemovie.mp4"; and

    - "PEDOMOM-09.mp4."

In addition, the search history included the following terms, many of which are included in the file names of the downloaded files: "pedomom," "Vicky American pie," "kylie," "Vicky," "pthc family," "pthc mom," "pedomom boy," "pthc car," "pthc teen," "pthc," "kylie talk," "qqaazz," and "a family affair."

## IV.  PROPOSED 414 AND 404(B) EVIDENCE

The Government asserts that the laptop computer also contained evidence of receipt and download of child pornography on occasions prior to the charged offenses. It seeks to introduce this evidence under Rules 414 and 404(b).

---

[2] Special Agent Cory Thigpen testified that "PTHC" stands for "pre-teen hard core."

**USA V. HARP**                                                                          **1:23-CR-69**

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

Much of the proposed evidence was located during a review of the laptop's "restore points," which are earlier versions of a computer's operating system.  During the hearing, Peter Hammer, a previous forensic examiner with the FBI, testified that restore points are sometimes created when a computer runs a software update.  Essentially, a restore point operates as a backup of the files that have been saved, deleted, moved, etc. since the computer's last backup.  It saves the system as it was at the time of the update, in case something goes wrong with an update and a return to the previous version is needed.

- The July 8, 2016 restore point shows that

    o Google Chrome login data for accounts named "charp51" and "chrisharp51" existed;

    o 14 files containing the phrase "PTHC" were accessed between June 2012 and September 2012; and

    o On July 12, 2023, the file "Kylie Freeman-(Pthc Pedo) 9Yo Vicky – Full.mpg" appeared in the registry.

- The July 28, 2016 restore point shows that

    o Someone had used "Shareaza," a peer-to-peer file sharing system, to partially download 8 files of potential child pornography and fully download 5 video files indicating potential child pornography; and

    o The history of search terms in Shareaza contained the terms "pedomom" and "pthc."

Case 1:23-cr-00069-TSK-MJA   Document 60   Filed 04/15/24   Page 6 of 20   PageID #: 264

USA V. HARP                                                              1:23-CR-69

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION
IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

- The July 29, 2016 restore point shows that

    - The 8 partially downloaded files from July 28 were marked for deletion;

    - 5 fully downloaded files from July 28 were marked for deletion; and

    - The search history included "pedomom," "pthc mom," and "pthc."

- The August 3, 2016 restore point shows that

    - 2 files indicating potential child pornography were partially downloaded: "Pedomom – Mother son compilation 02.mpg" and "Pedomom – Moher $ Son.avi"; and

    - 1 video suggesting potential child pornography was fully downloaded: "PedoMom Yogurt.avi."

- The August 5, 2016 restore point shows that

    - The 2 partially downloaded files and the fully downloaded files from August 3 were marked for deletion; and

    - The search terms contained "pae," "Vicky," "private pae 2," "pedomom," "pthc mom," and "pthc."

- The First August 16, 2016 restore point shows that

    - 4 files indicating potential child pornography were partially downloaded;

    - 1 file indicating potential child pornography was fully downloaded: "(PHANT) – Pedomom Intenta Seducir a Hijo de 1 Ano Parte 2 Hard.avi"; and

Case 1:23-cr-00069-TSK-MJA   Document 60   Filed 04/15/24   Page 7 of 20   PageID #: 265

**USA V. HARP**                                                        **1:23-CR-69**

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION
IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

  - o The search terms contained "pthc mom," "pedomom," "a family affair," "cbaby," "private pae 2," "pae," "Vicky," and "pthc."

- The Second August 16, 2016 restore point shows that

  - o The fully downloaded video from the First August 16, 2016 restore point was marked for deletion.

- The April 24, 2018 restore point shows that

  - o Google Chrome login data existed for accounts named "charp" and "charp51";

  - o 3 files indicating potential child pornography were partially downloaded on August 16, 2016;

  - o An additional 4 files indicating potential child pornography were partially downloaded in January 2014; and

  - o The Shareaza program was downloaded.

- The April 30, 2018 restore point shows that

  - o 3 files indicating potential child pornography were partially downloaded on August 16, 2016;

  - o The recycle bin contained 24 potential child pornography files downloaded on April 24, 2018; and

  - o The search terms included "pedomom boy," "pedomom," and "a family affair."

In addition, a forensic examination of a PNY Attache green USB media drive contained "Created"/"Modified" dates of November 2009 through September 2010 of the following files:

Case 1:23-cr-00069-TSK-MJA   Document 60   Filed 04/15/24   Page 8 of 20   PageID #: 266

USA V. HARP                                                                1:23-CR-69

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

- "! Pthc 7 Yo My Little Girls - Part 1.mpg";

- "Preview - T-100399616-(Pthc) Webcam - 3yo family_of4 (mom blows 7 yo boy 3 yo girl mast)(1).avi";

- "T-100399616-(Pthc) Webcam - 3yo family_of4 (mom blows 7 yo boy 3 yo girl (mast)(1).avi";

- "Chris Harp IHS 528 Mid Term Essays.doxc";

- "Chris Harp Mid-term Takehome assignment Nov '09 b.xlsx"; and

- "Chris Harp Vent Lab 12-18-09.docx."

## V.   DISCUSSION

For the reasons discussed below, the proposed evidence is admissible under both Rule 414 and Rule 404(b).

 **A.** **The Government's proposed evidence is admissible under Rule 414 to show Harp's propensity to commit child pornography offenses and for its bearing on any matter to which it is relevant.**

Rule 414(a) of the Federal Rules of Evidence provides, "In a criminal case in which defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant."  As the legislative sponsors of Rule 414 explained, the Rule creates an exception to the general prohibition of evidence of a defendant's "propensity":

> The new rules will supersede in sex offense cases the restrictive aspects of Federal rule of evidence 404(b).  In contrast to rule

Case 1:23-cr-00069-TSK-MJA   Document 60   Filed 04/15/24   Page 9 of 20   PageID #: 267

USA V. HARP                                                      1:23-CR-69

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION
IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

> 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing "on any matter to which it is relevant." This includes the defendant's propensity to commit sexual assault or child molestation offenses, and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense.

140 Cong. Rec. H8968-01, H991. The United States Court of Appeals for the Fourth Circuit has explained the same:

> This rule is an exception to the general rule that evidence of past crimes may not be used "to prove the character of a person in order to show action in conformity therewith." . . . Unlike Rule 404(b), Rule 414 allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses.

United States v. Kelly, 510 F.3d 433, 436-37 (4th Cir. 2007) (internal citations omitted). "[C]hild molestation," as used in Rule 414, includes the various child pornography offenses of Chapter 110 of the Federal Criminal Code, including the offenses charged in this case. See Fed. R. Evid. 414(d)(2)(B).

The standard of proof necessary to establish that other crimes, wrongs, or acts occurred is whether the jury could reasonably conclude that the act occurred and that the defendant was the actor. United States v. Huddleston, 485 U.S. 681, 689

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

(1988); see also United States v. Keen, No. 4:21-CR-52, 2023 WL 2226796, at *3 (M.D. Pa. Feb. 24, 2023) (applying Huddleston standard to Rule 414, noting that the standard is "somewhere below a traditional preponderance-of-the-evidence standard, but its exact definition is left to the discretion of trial courts").

Here, the evidence proffered by the Government under Rule 414 is evidence of Harp's commission of other, uncharged child pornography offenses (specifically, Receipt of Child Pornography and Possession of Child Pornography) and is admissible to show a propensity on his part to commit child pornography offenses. As to the first elements of the relevant offenses, whether there was receipt and possession, it is undisputed that the files were found on a laptop and a USB drive taken from Harp's home. Further, login information for "charp" was associated with the laptop in the restore points on the laptop, and documents with Harp's name were saved on the USB drive. As to whether the content was child pornography, Special Agent Cory Thigpen testified that the video files found on the restore points were viewable[3] and were, in fact, child pornography depicting prepubescent children. He testified that the file names accurately reflected the content of the videos

---

[3] Only the video files found in the laptop's restore points were viewable. Hammer testified that the files on the USB drive could not be viewed.

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

themselves. Counsel for Harp stated during the hearing that there is no dispute that the files constitute child pornography. The file names on the USB drive are also consistent with child pornography, and the metadata was consistent with that of a video file. The only issue here is whether there is sufficient evidence that Harp acted knowingly.

Whether an offense was committed "knowingly" involves an assessment of the actor's state of mind, which is, of course, difficult to prove. It typically requires one to draw inferences from the actor's conduct. See Huddleston, 485 U.S. at 685. Here, the Government has proffered evidence that child pornography was downloaded onto Harp's laptop, that it was saved to his laptop at the same time his login data existed on the laptop, and that the files were deleted shortly thereafter. It has also proffered evidence that files consistent with child pornography were saved on Harp's USB drive at the same time files with his name were saved, and at some point the child pornography files were deleted. These actions are sufficient for the jury to reasonably conclude that Harp acted knowingly. Overall, the jury could reasonably conclude that the alleged unlawful acts occurred and that Harp was the actor. Therefore, the proposed evidence is admissible under Rule 414.

Case 1:23-cr-00069-TSK-MJA   Document 60   Filed 04/15/24   Page 12 of 20 PageID #: 270

USA V. HARP                                                        1:23-CR-69

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

The Court also finds that the proposed evidence should not be excluded under Rule 403. Rule 414 evidence is subject to the Rule 403 balancing test. See Kelly, 510 F.3d at 437. Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A district court has "wide discretion" in admitting or excluding evidence under Rule 403. See Kelly, 510 F.3d at 437 n.3 (citation omitted).

In considering whether Rule 414 evidence should be excluded under Rule 403, the Court should consider several factors, including "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." Id. at 437 (citations omitted). Further, "[n]o time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses." 140 Cong. Rec. H8968-01, H8992. The Fourth Circuit has admitted evidence of

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

uncharged sexual offenses occurring over 22 years prior. See Kelly, 510 F.3d 443 at 438.

The Court finds that the proposed evidence's probative value is not substantially outweighed by the dangers outlined in Rule 403. The proposed evidence, which includes search terms for and downloads of child pornography, is almost identical in form to the charged conduct. The actions indicate a consistent pattern of behavior. The probative value of the proposed evidence is high, especially because Rule 414 allows it to be considered to show propensity. Evidence that Harp committed other child pornography offenses makes it more likely that he possessed and received child pornography in this instance. Child pornography itself is prejudicial, but it is not unfairly prejudicial here. Accordingly, the evidence will not be excluded under Rule 403.

### B. The proposed evidence is admissible under Rule 404(b) to show motive, identity, knowledge, intent, and absence of mistake.

Rule 404(b) provides,

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

The Fourth Circuit views Rule 404(b) as "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995) (citations omitted) (emphasis in original).

Evidence of prior acts is admissible if it meets the following criteria:

> (1) "The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.";
>
> (2) "The act must be necessary in the sense that it is probative of an essential claim or an element of the offense.";
>
> (3) "The evidence must be reliable."; and
>
> (4) "[T]he evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process."

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). The same evidence may be offered and admitted under both Rule 414 and Rule 404(b). See United States v. LeCompte, 131 F.3d 767, 768-79 (8th Cir. 1997) (holding that it was an abuse of discretion to

Case 1:23-cr-00069-TSK-MJA Document 60 Filed 04/15/24 Page 15 of 20 PageID #: 273

USA V. HARP 1:23-CR-69

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

exclude Rule 414 evidence where the court had previously held that it should not be admitted under Rule 404(b), citing the "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible").

### 1. The proposed evidence is relevant.

An element of both Receipt of Child Pornography (Counts One through Three) and Possession of Child Pornography (Count Four) is that the defendant "knowingly" received or possessed the child pornographic material in question. Harp has filed a notice of alibi defense. The Government believes Harp will try to claim that someone else downloaded the child pornography onto his computer and USB drive or that the actions were mistakes.

The Fourth Circuit has "regularly permitted" the admission of prior acts to prove intent when intent to commit a crime is at issue. See Queen, 132 F.3d at 995. For example, in United States v. Whorley, 550 F.3d 326, 337–38 (4th Cir. 2008), the court found that evidence of a prior child pornography conviction was properly admitted to prove that the defendant knowingly received depictions of minors engaged in sexually explicit conduct. Additionally, in United States v. Nanda, No. 97-5001, 1999 WL 294548, at *6 (4th Cir. May 11, 1999) (unpublished), the court found that a chat dialogue with minors and uncharged images were relevant and necessary to show intent, knowledge, and absence of mistake where

15

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

the defendant denied knowing receipt of a zip file containing child pornography. Finally, in United States v. Dornhofer, 859 F.2d 1195, 1199 (4th Cir. 1988), the court found that "predisposition evidence" in the form of child erotica was relevant to prove absence of mistake in connection with ordering of child pornography. Importantly, "[t]he more similar the extrinsic act or state of mind is to the act involved in committing the charged offense, the more relevance it acquires toward proving the element of intent." Queen, 132 F.3d at 996.

Here, the proposed evidence is relevant to prove motive, identity, knowledge, intent, and absence of mistake. The proposed evidence — to put it succinctly — shows a long history of seeking, downloading, and deleting child pornography on Harp's computer and on his USB drive. With respect to motive, the proposed evidence reveals Harp's sexual interest in children, which would be his motive for possessing and receiving the child pornographic videos. With respect to identity, it tends to show that Harp — not someone else — is the one who sought out, downloaded, and viewed the child pornography before it was deleted. It undermines any claim that he was not responsible for the presence of the child pornographic videos (or file names) on his computer and USB drive, especially because the proposed evidence spans several years.

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

With respect to knowledge and absence of mistake, the proposed evidence tends to show that Harp knew that what he was searching for and downloading was, in fact, child pornography. It tends to show that he knew the illicit nature of the videos. The long history of seeking, downloading, and deleting child pornography demonstrates that Harp knowingly possessed the child pornography found on his computer and his USB drive and did so intentionally. Finally, the proposed evidence is almost identical in form to the charged conduct, which makes it even more relevant to the issue of intent. For these reasons, the proposed evidence is relevant.

### 2. The proposed evidence is necessary.

As discussed, the Government expects Harp to argue that someone else downloaded the child pornography to his computer and USB drive. Unsurprisingly, the Government has no witnesses who saw Harp receive or possess child pornography, and there are no admissions by Harp. Proving that Harp acted "knowingly" with respect to these offenses, and proving this element in child pornography cases in general, can prove difficult. As the Supreme Court has recognized, "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Huddleston, 485 U.S. at 685. In Queen,

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

the Fourth Circuit explained that "[e]vidence is 'necessary' where, considered in the light of other evidence available to the government, . . . it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." 132 F.3d at 998 (quotation marks added and omitted). Accordingly, the Court agrees with the Government that because there is limited direct evidence of Harp's state of mind, the proposed evidence is an essential part of the crimes on trial. The proposed evidence is necessary to prove that Harp acted knowingly.

> **3. The proposed evidence is reliable.**

Rule 404(b) evidence will be considered reliable and "should be submitted to the fact-finder unless it is so preposterous that it could not be believed by a rational and properly instructed juror." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996) (quotation marks and citations omitted). Corroboration is not a pre-requisite for admission. United States v. Hornsby, 666 F.3d 296, 308 (4th Cir. 2012) (citation omitted).

During the evidentiary hearing, Hammer testified as to how the files were extracted from the laptop's restore points and how data was recovered from the USB drive. Thigpen testified about his review of the restore point files, confirming that they contained child pornography consistent with the files' titles. Based on the two witnesses' testimony, the contents of Hammer's

18

Case 1:23-cr-00069-TSK-MJA Document 60 Filed 04/15/24 Page 19 of 20 PageID #: 277

USA V. HARP                                                    1:23-CR-69

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

report (which was admitted into evidence), and the parties' briefs, the Court finds that the proposed evidence is reliable.

> **4. The proposed evidence's probative value is not substantially outweighed by confusion or unfair prejudice.**

Finally, again, the Court will not exclude the proposed evidence under Rule 403. The uncharged conduct is almost identical to the charged conduct. The Court has already discussed the probative value of the evidence, <u>see</u> subsection B.1, and the Court finds that the probative value is not substantially outweighed by the dangers listed in Rule 403. Child pornography itself is prejudicial, but it is not unfairly prejudicial in this instance.

## VI.  <u>CONCLUSION</u>

For the reasons discussed above, the proposed evidence is admissible under Rule 414. It is also admissible under Rule 404(b) to show motive, identity, knowledge, intent, and absence of mistake. It will not be excluded under Rule 403 with respect to either Rule 414 or Rule 404(b). The Government's motion is **GRANTED** [ECF No. 46].

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTION IN LIMINE REGARDING 414 AND 404(B) EVIDENCE [ECF NO. 46]**

DATED: April 15, 2024

*Tom S Kleeh*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA