# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                              Case No. 1:23-CR-69

CHRISTOPHER HARP,

                Defendant.

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S RULE 33 MOTION FOR A NEW TRIAL

### I.    INTRODUCTION

Defendant Christopher Harp, by and through undersigned counsel, submits this brief in support of his Motion for a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. This motion is based on newly discovered evidence—namely, a sworn confession by Jeremy Harp, which exonerates Christopher Harp by identifying Jeremy as the true perpetrator. The United States opposes this motion, arguing that the evidence is not newly discovered, is unreliable, and would not result in an acquittal. However, as demonstrated below, the government's position is flawed, and a new trial is warranted in the interest of justice.

### II.    LEGAL STANDARD

Under Rule 33, a court may grant a new trial if the interest of justice so requires. To succeed, a defendant must establish that:

1. The evidence was discovered after trial;
2. The failure to discover the evidence earlier was not due to a lack of diligence;

3. The evidence is not merely cumulative or impeaching;

4. The evidence is material to the issues involved; and

5. The evidence would probably result in an acquittal.

*United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006).

### III. ARGUMENT

**A. The Evidence Was Discovered After Trial**

The United States contends that Jeremy Harp's confession is not newly discovered because the defense theory at trial already suggested that Jeremy was responsible. However, the crucial distinction is that Jeremy's formal confession did not exist at the time of trial. The defense did not merely hypothesize his culpability; rather, after trial, Jeremy provided a sworn statement admitting to downloading and viewing the child pornography found on Christopher's computer. The evidence, therefore, meets the first prong of Rule 33.

**B. The Defense Exercised Due Diligence**

The government asserts that the defense could have obtained Jeremy's testimony earlier, arguing that he was "newly available" rather than "newly discovered." However, Jeremy was transient and where he was living was not known prior to trial. During the trial of this matter, Christopher Harp testified that he attempted to confront Jeremy Harp regarding his suspicion that Jeremy was responsible for downloading the child pornography at their mother's funeral. At that time, Jeremy simply "blew up" and then disappeared again, therefore, the defense did not know what Jeremy's testimony would be, one way or the other. Courts have recognized that reasonable diligence does not require extraordinary measures. See *United States v. Malondona-Rivera*, 489 F.3d 60 (1st

2

Cir. 2007). Since Jeremy was unavailable and what his testimony may have been unknown prior to trial, his confession qualifies as newly discovered evidence.

### C. The Evidence is Not Merely Cumulative or Impeaching

The government argues that Jeremy's confession adds little to the case because the defense had already suggested his involvement. However, a direct admission from the actual perpetrator is far more compelling than inferences drawn from circumstantial evidence. Unlike other evidence presented at trial, this sworn statement is substantive and exculpatory rather than cumulative or impeaching. See *United States v. Howell*, 231 F.3d 615, 624 (9th Cir. 2000).

**Motions** for new trials have been allowed since the beginning of the federal judiciary. Even before the Bill of Rights was ratified, Congress authorized federal courts to grant new trials for the reasons they had "usually been granted in the courts of law." See *Judiciary Act of 1789, ch. 20, 1 Stat. 73*. Just over 150 years later, the Federal Rules of Criminal Procedure permitted courts to "grant a new trial if the interest of justice so requires." *Fed. R. Crim. P. 33(a)*. The "miscarriage of justice" backstop reflects the common-law roots of the new-trial power as protection against unjust verdicts, and that new trials should be granted when the "interest of justice so requires."

### D. The Credibility of Jeremy Harp's Confession

The government questions the reliability of Jeremy Harp's confession, citing his erratic behavior and subsequent statements. However, several factors bolster the confession's credibility:

1. It was given under oath, subject to penalties of perjury.
2. It aligns with trial evidence that Jeremy had access to the computer and the residence.

3. The confession was corroborated by an investigator's affidavit and Jeremy's previous admissions to the defense team.

4. Jeremy's statement that he destroyed his own laptop after learning of Christopher's charges demonstrates a guilty conscience.

The government relies on post-confession inconsistencies and Jeremy's apparent mental instability to discredit the statement. However, inconsistency alone does not render a confession unreliable. Courts assess confessions based on their consistency with established facts, their voluntary nature, and corroborating evidence. See *United States v. Perez*, 2025 U.S. App. LEXIS 1223, 1230 (10th Cir. 2025). Moreover, 18 U.S. Code § 3501 – Admissibility of confessions, section (d) states: *Nothing contained in this section shall bar the admission in evidence of any **confession** made or given voluntarily to any person to any other person without interrogation by anyone, or at any time at which the person who made or gave such **confession** was not under arrest or detention.*

**E. The Evidence Would Probably Result in an Acquittal**

The confession exonerates Christopher and provides an alternative perpetrator, which would likely create reasonable doubt in a jury's mind. The government argues that the jury already rejected the defense theory at trial, but the jury did not have the benefit of a sworn confession from Jeremy Harp. Case law supports granting a new trial when newly discovered evidence identifies an alternative perpetrator. See *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**IV. CONCLUSION**

The sworn confession of Jeremy Harp meets all criteria for granting a new trial under Rule 33. This newly discovered evidence exonerates Christopher Harp and demonstrates a miscarriage of justice. Accordingly, this Court should vacate the judgment of conviction and grant a new trial.

Dated: February 12, 2025

                                                                 Respectfully submitted,

                                                                 Defendant,
By counsel

/s/   J. Bryan Edwards
J. Bryan Edwards, (WV State Bar # 6886)
CRANSTON & EDWARDS, PLLC
1200 Dorsey Ave., Suite II
Morgantown, WV 26501
Phone: (304) 296-3500
bedwards@cranstonedwards.com

5

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

**v.**                                            Case No. 1:23-CR-69

**CHRISTOPHER HARP,**

          **Defendant.**

## CERTIFICATE OF SERVICE

I, J. Bryan Edwards, do hereby certify that on the 12th day of February, 2025, I filed the foregoing "*Reply Brief in Support of Defendant's Rule 33 Motion for a New Trial*", via the CM/ECF filing system which will send electronic notice of the same to the following counsel of record:

Jennifer T. Conklin, Esq.
DOJ-USAO
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
*United States Attorney*

                                                           /s/ J. Bryan Edwards
                                                  J. Bryan Edwards (W. Va. Bar # 6886)
                                                  *Counsel for Plaintiff*