IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal No. 1:23CR69
    (Chief Judge Kleeh)

CHRISTOPHER HARP,

    Defendant.

### PRELIMINARY ORDER OF FORFEITURE

Pursuant to Title 18, United States Code, Section 2253, the Court having made the findings of fact and conclusions of law enumerated below, it is hereby **ORDERED** that defendant, who has been convicted of violating Title 18, United States Code, Section 2253A, forfeit to the United States the following property, which is directly subject to forfeiture:

- HP Pavilion dv5-1150us Laptop, Serial No. CNF8452J3Q [CATS ID: 24-FBI-001714].

1. On November 7, 2023, the grand jury returned an Indictment charging that the defendant violated Title 18, United States Code, Section 2252A. The Forfeiture Allegation in the Information contains notice to the defendant that the government intends to forfeit property in this criminal case.

2. Title 18, United States Code, Section 2253 mandates forfeiture of any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18, any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, and any property, real

or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of Title 18, United States Code, Section 2252A.

3. On April 25, 2024, the defendant was convicted of Title 18, United States Code, Section 2252A.

4. At trial, the parties stipulated to forfeiture of the following property:

- HP Pavilion dv5-1150us Laptop, Serial No. CNF8452J3Q [CATS ID: 24-FBI-001714].

**IT IS FURTHER ORDERED**:

The United States Marshal or any designee is authorized to seize any forfeited property that is not already in the government's custody and control, and is also authorized to retain physical custody and control of any forfeited property that has previously been seized by any law enforcement agency.

The United States shall publish notice of this Order and of the government's intent to dispose of the forfeited property in such manner as the Attorney General may direct, and shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of specified property in the ancillary proceeding.

Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of written notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2), as incorporated by Title 18, United States Code, Section 2253(b).

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

Within thirty days after a third party petition is filed, the United States may advise the Court of whether it intends to file a motion to dismiss such petition for lack of standing, for failure to state a claim, or for any other lawful reason. Upon filing its notice of intent to file a motion to dismiss, the United States may conduct discovery authorized by the Federal Rules of Civil Procedure to develop facts relative to the contemplated motion to dismiss.

If the United States does not notify the Court of its intent to file a motion to dismiss within thirty days of the filing of a petition, or within that thirty day period notifies the Court that it will not be filing a motion to dismiss, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

If the Court denies a government motion to dismiss, or otherwise disposes of the motion without dismissing the petition, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

The determination of whether a third party has an interest in property specified herein is deferred until a claim is filed in an ancillary proceeding under Rule 32.2(c). If no third party files a timely petition, or if any if any timely filed petition is withdrawn, this Preliminary Order of

Forfeiture shall become the Final Order of Forfeiture rendering to the government clear title to all specified property, which the Court finds the convicted defendant.

This Order of Forfeiture shall become final regarding the defendant at the time of sentencing, and will be made part of the sentence by incorporating this Order by reference in the judgment. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

**SO ORDERED.**

**DATED**:_____

_____
THOMAS S. KLEEH
CHIEF UNITED STATES DISTRICT JUDGE